# TIMOTHY WRIGHT

## *v.*

# THE CITY OF CHICAGO.

1. ASSESSMENTS—*for what cause will be deemed void.* An order for an assessment, which requires the entire estimated cost of the proposed improvement to be assessed on the real estate deemed benefited thereby, absolutely, and without its being shown that there was any real estate which would be specially benefited to that extent, over and above the city at large, is void.

2. SAME—*property assessed—must be shown to be specially benefited.* Under such an order, property benefited in any degree, would be liable to be taxed, much beyond the extent of the benefit conferred, there being no proof that any property would be specially benefited to the extent of the entire damages and costs.

3. FORMER DECISIONS—*constitutionality of special assessments.* The cases of *The City of Chicago* v. *Larned,* 34 Ill. 203; *The Canal Trustees* v. *City of Chicago,* 12 ib. 406; and others, decided in this court, must be regarded as having settled the question affirmatively, as to the constitutionality of the power to make these special assessments.

APPEAL from the Superior Court of Chicago.

The facts in this case are sufficiently stated in the opinion.

Mr. DANIEL A. SHOREY, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an appeal from a judgment rendered by the Superior Court of Chicago, in favor of the city, and against the appellant, upon a special assessment of the property of the latter, for the paving and curbing of a part of Washington street. One ground of objection in the court below, and in this court, is, that the ordinance directing the assessment, required

the estimated cost, $10,741.12, to be assessed on the real estate deemed benefited thereby, absolutely, and without its being shown that there was any real estate which would be specially benefited to that extent, over and above the city at large.

To this objection, the counsel for the city replies, that by the present charter and ordinances, the board of public works is required to examine and report whether real estate to be assessed for any proposed improvements, can be found, that will be benefited to the extent of the damages and costs. But it does not appear by this record, that the board performed this duty, or that any such report was ever made to the common council, and as this is not a collateral proceeding, and as the objection was expressly taken in the court below, we can indulge in no presumptions. As it comes before us, the ordinance or order for the assessment directs a large sum of money to be levied on any property that may be specially benefited thereby, although it does not appear that any property will be specially benefited to that amount. It does not appear that this essential pre-requisite to making such an order has been observed, and under this order, so far as the evidence discloses, property benefited in any degree is liable to be taxed much beyond the extent of the benefits.

Besides the foregoing objection, the counsel for appellant has presented an able argument, denying the constitutionality of any form of special assessment. But the question is not an open one in this court. In the case of *The City of Chicago* v. *Larned*, this subject was very fully and maturely considered, and it was held, the power might be exercised, subject to certain limitations there laid down, and that it might be referred to the right of eminent domain. In that case, the various other cases decided by this court were reviewed, in all of which these assessments had been sustained on a ground that placed them rather under the right of eminent domain than the taxing power. The counsel for appellant has quoted decisions from several of our sister states, in which it is held that these assess-

ments are not referable to the right of eminent domain, though on that point the authorities are not uniform. While in all these cases, the right to make local improvements by means of such assessments is maintained, in many of them the right is asserted as an exercise of the taxing power. But that they are not a legitimate tax, but an equation between burden and benefit, has been constantly held in this state, from the case of *The Canal Trustees* v. *City of Chicago*, 12 Ill. 406, to the Larned case in the 34th, and during all that period, and we believe from the first organization of the state, our towns and cities have carried forward their local improvements by this instrumentality. Sanctioned then, as this system is, by the constant use of nearly half a century, sustained whenever brought before this court, and, in the last case, very fully considered, and the origin of the power declared, we must consider its constitutionality in this tribunal as settled, however widely some other courts may differ from us as to the origin of the power. In reference to these foreign decisions, we may remark that we are in harmony with them on the main question—the right of the legislature to authorize special assessments under constitutions substantially like our own—and, as to the origin of the power, an ingenious argument may be constructed in support of either theory. We are content to leave it where this court has already placed it. For the defect in the proof above noticed, the judgment must be reversed and the cause remanded.

*Judgment reversed.*